*Law Revision*

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,          )   CRIMINAL CASE NO. CM0312-12
                             )
        vs.                  )
                             )
                             )
LUTHER OLAN JULAO,           )   DECISION AND ORDER
                             )
            Defendant.       )
                             )
                             )

This matter came before the HONORABLE VERNON P. PEREZ on November 5, 2012 for Defendant's Motion to Dismiss. Assistant Public Defender Suresh Sampath represented Defendant, who was present. Assistant Attorney General Frances C. DeCecco appeared on behalf of the Government. The Court took the motion under advisement. After hearing the Parties' arguments, reviewing the record and considering the Parties' pleadings, the Court now issues the following Decision and Order.

## BACKGROUND

The alleged crimes underlying this case occurred June 10, 2010. Defendant was given a Citation and Notice to Appear on June 1, 2011. The Complaint for CM0549-11 was filed on May 4, 2011. On February 23, 2012 Defendant's case was dismissed due to a violation of *People v. Rasauo,* 2011 Guam 14. CM0549-11 was closed on February 27, 2012. The Complaint in this criminal action was re-filed on March 28, 2012. Defendant is charged with driving while under the influence of alcohol, driving while under the influence of alcohol (B.A.C.), improper storage of an open container and reckless driving. Preceding his arrest, Defendant was discovered at approximately 3:36a.m., on the roadway, after striking the median and having the right front tire detach from the vehicle. Defendant filed a Notice of Motion and Motion to Dismiss on October 15, 2012. The Court will address the only pending motion in this case with this Decision and Order.

## DISCUSSION

The Court reviewed Defendant's motion and believes that a proper analysis requires the discussion of two separate potential violations of criminal procedure in this case. The Court will address the one year statue of limitations in a misdemeanor criminal case and then discuss the application of *People v. Palomo*, 1998 Guam 12.

### The One Year Statute of Limitations is Not Violated

In Defendant's request for dismissal, he lays out many of the dates relevant to the procedure of the case. Without making a specific argument that 8 GCA § 10.30 was violated, the Defendant creates enough conflict over this issue that the Court finds that the resolution of this issues to be necessary for a complete decision. 8 GCA § 10.30 provides that a "prosecution for any offense which is not a felony shall be commenced within (1) year after it is committed." Here, the Complaint in this case was filed 362 days after the initial alleged criminal acts occurred.[1] There are 365 days in a year. Thus, considering the rules on tolling, the criminal action was initiated within one year and the statute of limitations was not violated.

### *Palomo* Does Not Require Dismissal in This Case

Defendant asks the Court to dismiss his case based on the ruling from *Polomo*. Defendant claims that the delay created in re-filing of the criminal case against him violated the *de facto* statute of limitations created in *Polomo*. Defendant argues that dismissal with prejudice must occur where the Government failed to file a complaint and supporting affidavit before the notice to appear date.

In opposition, the Government argues that *Polomo* only applies where the Government fails to file a complaint before the notice to appear date and in inapplicable in this case. The Government contends that the Complaint was filed before Defendant's Notice to Appear date.

---

[1] Applying the facts presented in the Background of this decision, the Court was able to conclude that 362 days expired after including tolling as described by 8 GCA § 10.50. Even if a prosecution is dismissed, like the action preceding this case, tolling continues to occur while the prosecution is pending.

The Court read the *Palomo* decision and reviewed the rule provided by the Supreme Court of Guam. The Court does not agree with Defendant's argument that the *de facto* statute of limitation was violated in this case. The *Palomo* Court relies on 8 GCA § 25.30, which provides:

> The officer shall forthwith deliver the copy of the notice to appear to the prosecuting attorney charged with the duty to prosecute the offense charged. At or before the time at which the person promised to appear, if the prosecuting attorney determines that the offense should be prosecuted, he shall file the notice to appear and a complaint and affidavits which satisfy the requirements of § 45.20 in the court in which the person has promised to appear. If the prosecuting attorney determines that the offense should not be prosecuted he shall make a reasonable effort to notify the person arrested that his appearance will not be required. (2010).

Here, Defendant is unable to convince the Court that the Government failed to file a complaint and supporting affidavit before Defendant's Notice to Appear date.

The Complaint in this case was filed March 28, 2012 with an accompanying declaration in support of the complaint. The Summons was received by the Court on March 21, 2012 and set the appearance date for May 9, 2012. The Government filed the Complaint more than one month before Defendant's appearance on May 9, 2012. Thus, there can be no violation of the *de facto* statute of limitations created in *Palomo*. The Court agrees with the Government an finds that dismissal is not appropriate.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. The Parties will return January 7, 2013 at 10:00a.m. for Criminal Trial Setting.

So **ORDERED** this ____ day of December, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoin
is a full true and correct copy of the
original on file in the Office of the
Clerk of the Superior Court of Guam.
Dated at Hagatna, Guam.

DEC 1 7 2012

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

*People v. Julao,*
Decision and Order
Criminal Case No. CM0312-12                    - Page 3 of 3 -